IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY A. CLAUFF,<br><br>                    Plaintiff,<br><br>vs.<br><br>CHRISTINA MARKVICKA, Jailer; JOHN WESTMAN, Sheriff; KIM CAMPBELL, Jail Administrator; and JIM HELGOTH, Merrick Board of Supervisors;<br><br>                    Defendants. | 4:17CV3071<br><br>**MEMORANDUM AND ORDER** |

On May 15, 2017, Plaintiff filed a Complaint in the District Court of Merrick County, Nebraska. (Filing No. 1-1.) Defendants removed the matter to this court on June 15, 2017, because Plaintiff's Complaint asserts both federal constitutional and state law claims. (Filing No. 1 at CM/ECF p. 1.) For the following reasons, the court will remand Plaintiff's state law claims to the District Court of Merrick County, but allow Plaintiff to file an amended complaint that asserts a federal constitutional claim upon which relief may be granted against Defendants.

## I. SUMMARY OF COMPLAINT

Plaintiff is currently confined at the Lincoln Correctional Center in Lincoln, Nebraska. (Filing No. 1-1 at CM/ECF p. 2.) From April 1, 2015, to May 2, 2016, Plaintiff was confined at the Merrick County Jail in Central City, Nebraska. (*Id*.) He names in his Complaint: Christine Markvicka ("Markvicka"), a jailer at the Merrick County Jail, John Westman ("Westman"), the Merrick County Sheriff, Kim Campbell ("Campbell"), the Merrick County Jail Administrator, and Jim Helgoth ("Helgoth"), a member of the Merrick County Board of Supervisors. (*Id*.

at CM/ECF p. 1.) He seeks monetary damages and injunctive relief. (*Id.* at CM/ECF pp. 2, 4-5.)

Plaintiff wrote numerous grievances from April 2015 to December 2016 about Markvicka's violations of the Jail Standards, specifically failure to conduct hourly checks and failure to segregate intoxicated inmates. (*Id.* at CM/ECF p. 4.) Plaintiff alleges three specific incidents that occurred thereafter. From January 12, 2016, to January 14, 2016, Markvicka turned off the hot water for the inmates[1] and left the outside jail door open while she smoked, which caused Plaintiff and other inmates to suffer numb hands and feet. Plaintiff states that Markvicka responded to inmates' complaints, "Clauff should stop writing grievances." (*Id.*)[2] From January 19, 2016, to January 21, 2016, Markvicka shut the "West steel door," which caused Plaintiff to suffer numb hands and feet because heat could not enter the dining area and the general population cell block. Plaintiff states that Markvicka instructed a new jailer to ignore inmates' complaints about the closed door. (*Id.*) On January 26, 2016, Markvicka refused to give Plaintiff and inmates toilet paper, causing them to hold their stool until the next shift in the morning. (*Id.*)[3]

---

[1] Plaintiff's grievance, which is attached to his Complaint, shows that he merely speculates that Markvicka turned off the hot water heater after an argument between Markvicka and another inmate. ([Filing No. 1-1 at CM/ECF p. 30](#).)

[2] This allegation directly contradicts Plaintiff's grievances, wherein he states several times that Markvicka told Plaintiff that he should write a grievance if he disagreed with her actions, including about her smoking with the door open. (*Id.* at CM/ECF pp. 13, 17, 31, 32, 34.)

[3] The court also questions Plaintiff's allegations as to whether they pertain to himself or to other inmates. For example, his grievances address Markvicka denying toilet paper for a day to inmates. (*Id.* at CM/ECF pp. 21-23.) Plaintiff then states, "Nothing is being done about the way she is treating us, she hasn't done anything to me, personally for a couple of months now . . . ." (*Id.* at CM/ECF p. 23.) Plaintiff may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11–4105–RAL, 2012 WL 3023249, at *1 n.1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013).

Plaintiff contends that Defendants Markvicka, Westman, and Campbell failed to respond to his grievances. (*Id*. at CM/ECF pp. 3-4.) On June 27, 2016, Plaintiff wrote a letter to the Merrick County Board of Supervisors. (*Id*. at CM/ECF p. 3.) In response, Helgoth and the Merrick County Attorney wrote to Plaintiff, in relevant part, "To the extent that any of the problems you have raised were confirmed, we have ensured that the proper corrective actions were taken . . . we have requested that all employees that work in the jail review Corrections policies and Jail Standards and complete additional training." (*Id*. at CM/ECF p. 38.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

3

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (*quoting Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Federal Constitutional Claims**

The court liberally construes Plaintiff's claims against Defendants[4] as claims against Merrick County. As a municipal defendant, Merrick County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various

---

[4] *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). *See also, Johnson, supra* ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Merrick County's employees, or that Merrick County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Merrick County across the line from conceivable to plausible under the *Jane Doe* standard. Furthermore, because Plaintiff is no longer confined at the Merrick County Jail, his claims for injunctive relief are moot. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (inmate's claims for declaratory and injunctive relief moot when he was transferred to another facility).

On its own motion, the court will allow Plaintiff 30 days to file an amended complaint that states a federal constitutional claim upon which relief may be granted against Defendants. The court, however, warns Plaintiff that short-term

5

exposure to cold temperatures and short-term deprivation of toilet paper do not rise to the level of a constitutional violation. *See, e.g.*, *Dean v. Campbell*, No. 97-5955, 1998 WL 466137, at *2 (6th Cir. 1998) (confinement in a cold cell for more than twenty days not sufficient to show the type of extreme deprivations necessary for an Eighth Amendment conditions of confinement claim"); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (no constitutional violation where prison officials failed to provide prisoner with toilet paper for five days, and with soap, toothbrush, and toothpaste for ten days); *Palmer v. Abdalla*, No. 2:11-cv-503, 2012 WL 4473206, at *5 (S.D. Ohio Sept. 4, 2012), adopted by 2012 WL 4473203 (S.D. Ohio Sept. 26, 2012) (plaintiff's exposure to cold temperatures for approximately three-and-a-half days, resulting in claimed temporary numbness in his hands and feet and a subsequent cold, did not support a finding that plaintiff's conditions of confinement were unconstitutional.); *see also Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (discussing several factors in assessing claims based on low cell temperature, including severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether other uncomfortable conditions the prisoner must endure). Prisoners do not have a constitutional right to hot water. *See Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) ("[I]t suffices to say that there is no clearly established, sufficiently contoured, right to hot showers in prison.").

In light of the foregoing, including Plaintiff's speculative and contradictory allegations, it appears that Markvicka's acts, "although purportedly retaliatory, were not sufficiently severe to amount to a constitutional violation." *Walker v. Bowersox*, 526 F.3d 1186, 1190 (8th Cir. 2008) (citing *Morris v. Powell*, 449 F.3d 682, 684-85 (5th Cir. 2006) (inmate must allege more than de minimis or inconsequential act to support retaliation claim)). Plaintiff does not allege that any Defendant, but Markvicka, had any personal involvement in the alleged constitutional violations. *See Krych v. Hvass*, 83 F. Appx. 854, 855 (8th Cir. 2003) (unpublished) (finding merely listing individuals as defendants in a complaint and not alleging personal involvement in the constitutional violations insufficient to state a claim); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that

6

general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability). There is also no constitutional right to receive responses to grievances. *See Buckley*, 997 F.2d at 495. In short, Plaintiff's allegations are wholly insufficient to state a "plausible" federal constitutional claim against Defendants.[5]

## B. State Law Claims

Plaintiff filed this matter in the District Court of Merrick County under the Political Subdivision Tort Claims Act ("PSTCA"), Neb. Rev. Stat. §§ 13-901 to 13-928 (West). The PSTCA is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees. Neb. Rev. Stat. § 13–902; *Brock v. Dunning*, 854 N.W.2d 275, 286 (Neb. 2014). A political subdivision includes a county. Neb. Rev. Stat. § 13–903. Plaintiff's allegations do not suggest that Defendants were acting outside the scope of their employment. *See id.* Accordingly, to the extent that the federal constitutional claims discussed herein set forth state law tort claims against Merrick County or its employees, the court will remand them to the District Court of Merrick County for consideration in the proper forum under the PSTCA. *See e.g.*, *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1112 (D. Neb. 2015); *Williams v. Raynor Rensch & Pfieffer*, No. 8:11-CV-446, 2015 WL 2127095, at *23 (D. Neb. May 6, 2015); *Malone v. Omaha Hous. Auth.*, No. 4:09CV3208, 2011 WL 1435257, at *3 (D. Neb. Apr. 14, 2011); *Doe v.*

---

[5] Plaintiff's fleeting reference to "fending off drunk inmates" and "possible assault," (*see* Filing No. 1-1 at CM/ECF p. 3), does not satisfy the elements of an Eighth Amendment failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007) (a plaintiff must show that the prison official was deliberately indifferent to a "substantial risk of serious harm.") (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). *See also Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) ("[h]owever legitimate [the plaintiff prisoner's] fears may have been, ... it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.").

*Omaha Pub. Sch. Dist.*, 727 N.W.2d 447, 454 (Neb. 2007). *Cf. Montin v. Moore*, 846 F.3d 289, 292-93 (8th Cir. 2017).

IT IS THEREFORE ORDERED that:

1. Plaintiff's state law claims against Defendants are remanded back to the District Court of Merrick County, Nebraska. **The clerk's office is directed to provide the Clerk of the District Court of Merrick County with a <u>certified copy</u> of this Memorandum and Order. The Clerk of the District Court of Merrick County is requested to notify the assigned state district court judge in Merrick County District Court Case No. CI 17-36 that the state law claims in Plaintiff's Complaint are remanded for his/her consideration.**

2. Plaintiff shall file an amended complaint by **August 18, 2017**, that states **a federal constitutional claim** upon which relief may be granted against Defendants. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. The clerk of the court is directed to set a pro se case management deadline using the following text: **August 18, 2017:** check for Amended Complaint.

Dated this 19th day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

8